1
2
3
4
5
6                         **UNITED STATES DISTRICT COURT**

7                            **DISTRICT OF NEVADA**

8

9    UNITED STATES,

10                  Plaintiff,                          Case No. 2:15-cr-0266-RCJ

11

12   vs.                                                      **ORDER**

13   DENNIS MCPHERSON,

14                  Defendant.

15        Defendant moves for compassionate release based on the ongoing COVID-19 pandemic in

16   conjunction with his age and history of cancer. The Court finds that Defendant's circumstance is

17   not extraordinary and compelling and therefore denies the motion.

18                            **BACKGROUND**

19        Defendant is currently 68 years old and imprisoned in United States Penitentiary, Lompoc

20   with a projected release date of July 05, 2024 (more than forty-seven months from now). *Find an*

21   *inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited on July 12, 2020).

22   Defendant's medical records indicate that he was diagnosed with "Carcinoma/Lymphoma –

23   Testicular" in 2002 but has since recovered and is currently receiving no treatment. (ECF No. 293

24   Ex. D.) The records also indicate Defendant was identified as possibly having been exposed to

COVID-19 and quarantined for fourteen days starting on March 31, 2020. (*Id.*) Defendant (through counsel) sent the warden of United States Penitentiary, Lompoc a request for compassionate release because of COVID-19 in conjunction with his age and medical conditions on May 14, 2020. (ECF No. 291 Ex. A.) Defendant's step-daughter attests that he could live with her and her family if the Court granted the motion. (ECF No. 293 Ex. C.)

In 2013, Defendant entered a plea agreement whereby he admitted under oath that he is guilty of violating 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846. (ECF No. 21.) In the agreement, he further admitted the following pertinent facts:

> During a period of time between April 2014 and September 2015, defendant entered into an agreement with at least one other person to distribute oxycodone. The defendant knew it was illegal to distribute oxycodone. While in the State and Federal District of Nevada, the defendant would obtain oxycodone from doctors or from individuals who had somehow obtained oxycodone. The defendant would then distribute the oxycodone to co-conspirators in Nevada and elsewhere. The defendant entered this agreement knowing of its purpose and intending to help accomplish it.

(*Id.*) The Court then sentenced him to 76 months' imprisonment with a three-year term of supervised release to follow. (ECF No. 184.)

## LEGAL STANDARD

A district court may not generally "modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One exception to this rule is that a court may grant a reduction to a term of imprisonment "(and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment)" based on "extraordinary and compelling reasons" if such a reduction is consistent with the factors set forth in 18 U.S.C. § 3553(a). § 3582(c)(1)(A).

Either the Bureau of Prisons or a defendant may bring a motion under § 3582(c)(1)(A). A court, however, may not consider a motion brought by a defendant unless he "has fully exhausted

all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his]

behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's

facility, whichever is earlier." *Id.*

The applicable policy statement for motions under § 3582(c)(1)(A) is U.S. Sentencing

Guidelines Manual (U.S.S.G.) § 1B1.13 (U.S. Sentencing Comm'n 2018). This policy statement

requires a court to find that the defendant "is not a danger to the safety of any other person or to

the community, as provided in 18 U.S.C. § 3142(g)." § 1B1.13(2). It also defines "extraordinary

and compelling as reasons" as the following:

1. The defendant is suffering from a terminal illness . . . . [Or] [t]he defendant is suffering from a serious physical or medical condition, suffering from a serious functional or cognitive impairment, or experiencing deteriorating physical or mental health because of the aging process that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
2. The defendant is at least 65 years old[,] is experiencing a serious deterioration in physical or mental health because of the aging process[,] and has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
3. The death or incapacitation of the caregiver of the defendant's minor child or minor children[,] [or] [t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
4. As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, [those described above].

§ 1B1.13 cmt. n.1(A)–(D).

## ANALYSIS

Defendant has satisfied the exhaustion provision through his counsel's email, which was

received more than thirty days before now. The Government however argues that Defendant has

not provided an extraordinary and compelling basis for relief. The Court agrees.

Defendant first claims that he satisfies § 1B1.13 cmt. n.1(A) because of his past bout with

cancer in 2002. This is incorrect. There is no evidence that Defendant is currently suffering from

a terminal illness or any other condition that "substantially diminishes [his] ability . . . to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover." § 1B1.13 cmt. n.1(A). Rather, his medical records indicate that he has recovered and is therefore receiving no treatment. (ECF No. 293 Ex. C.)

Defendant also points to § 1B1.13 cmt. n.1(D), arguing that "cancer survivors are often immuno-compromised." (ECF No. 291 at 8.) But nothing in his medical records indicate that he is currently suffering from such a condition. (ECF No. 293 Ex. D.) Nonetheless, because of this alleged condition, his age, and the ongoing COVID-19 pandemic, he argues that the Court should find "an extraordinary and compelling reason other than, or in combination with," § 1B1.13 cmt. n.1(D), the other bases for compassionate release. The Court however lacks this power as only the Director of the Bureau of Prisons can make such a determination. *Id.*; *see United States v. Baye*, No. 3:12-CR-00115-RCJ, 2020 WL 2857500, at *9 (D. Nev. June 2, 2020). As Defendant fails to provide an extraordinary and compelling reason that would warrant a reduction, the Court consequently denies the motion.

<b>CONCLUSION</b>

IT IS HEREBY ORDERED that Defendant's Emergency Motion for Compassionate Release (ECF No. 37) is DENIED.

IT IS SO ORDERED.

Dated July 13, 2020.

_____
ROBERT C. JONES
United States District Judge